IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DR. NINA M. MORGAN                                                                                    PLAINTIFF

v.                                          Civil No. 4:23-cv-04063

DANA PHILLIPS et al.                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

On September 27, 2023, the Honorable Susan O. Hickey referred this case to the undersigned for the purpose of making a Report and Recommendation. ECF No. 12. Before the Court is Plaintiff's failure to prosecute this case and failure to obey orders of the Court. For the reasons set forth below, the Court recommends the case be dismissed.

**I.    BACKGROUND**

On August 16, 2017, Plaintiff, Dr. Nina M. Morgan, filed a complaint in the Arkansas Circuit Court of Lafayette County, Arkansas designated as case number 37 CV-17-46 ("the State Court Action").[1]   On May 30, 2023, Plaintiff filed an Amended Complaint in the State Court Action naming approximately sixteen individuals as defendants including employees with the Lafayette County Sheriff Department ("Lafayette Defendants"), Dale Seiler and Ashlie Seiler as individuals and trustees ("Seiler Defendants"), and Farm Credit Services of Western Arkansas, FLCA ("Farm Credit").[2]  On June 29, 2023, the Lafayette Defendants removed the case to this

---

[1] https://caseinfonew.arcourts.gov/opad/case/37CV-17-46
[2] The Amended Complaint, filed on this Court's Docket as ECF No. 1, consists of one-hundred pages of confusing and unrelated allegations. The Defendants noted on the Court's docket include: Dana Phillips – Lafayette County Circuit Clerk; Sergeant Kristopher Carr – Lafayette County Sheriff Department; Deputy Clayton Brooks – Lafayette County Sheriff Department; Captain Rami Cox – Lafayette County Sheriff Department; Sheriff Jeff Black – Lafayette County Sheriff Department; Dale Seiler Trustee – Dale & Ashlie Seiler Family Trust; Ashlie Seiler Trustee – Dale

1

Court. ECF No. 1.

On June 20, 2023, the Lafayette Defendants filed a Motion to Dismiss arguing in part Plaintiff failed to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6). ECF No. 7. On August 10, 2023, the Seiler and Farm Credit Defendants filed a Motion to Strike and Dismiss Plaintiff's Amended Complaint stating there is a binding settlement agreement previously entered and completed by the parties, and Plaintiff fails to state facts upon which relief can be granted. ECF No. 9.[3]

On September 27, 2023, the Court entered an Initial Scheduling Order which required the parties to participate in a Rule 26(f) Conference by October 25, 2023, and file a Joint Rule 26(f) Report with the Court by November 1, 2023. ECF No. 11. On October 19, 2023, the Lafayette Defendants filed a Notice of Rule 26(f) Conference setting October 24, 2023, as the date for the Rule 26(f) Conference which was agreed to by the Seiler and Farm Credit Defendants. ECF No. 13. The Notice also informed the Court that counsel for the Lafayette County Defendants had contacted Plaintiff by telephone and she told him she was not willing to participate in any proceeding in this case and refused to communicate with him regarding scheduling the Rule 26(f) conference. Even so, the Notice informed Plaintiff of the scheduled date, time, and phone number(s) to call in the event she chose to participate in the conference. *Id.*

On October 30, 2023, the Lafayette, Seiler, and Farm Credit Defendants filed a Joint Rule 26(f) Report. ECF No. 14. The following day, these Defendants filed a Joint Motion for Contempt

---

& Ashlie Seiler Family Trust; Farm Credit Services of Western Arkansas, FLCA; Laddarius Fort; Walker Moving and Lawn Service; Lisa Ballard; Honorable Brandon Harrison; Honorable John Dan Kemp; and Honorable Hamilton Singleton.
3 The pleading filed by counsel is a copy of what was initially filed in the State Court Action on or about June 16, 2023.

2

and Sanctions asking the Court to hold Plaintiff in contempt of Court and dismiss this case for failing to contact Defendants or participate in the Rule 26(f) conference. ECF No. 16.

On November 14, 2023, the Court entered an Order directing Plaintiff to file an Amended Complaint by December 15, 2023. ECF No. 17. The Order directed Plaintiff to clearly outline her claims and the facts supporting those claims. In addition, the order informed Plaintiff that failure to comply with the Court's deadline or fully explain her claims may result in a recommendation her case be dismissed. To date, Plaintiff has not filed an Amended Complaint.

On December 13, 2023, the Court entered an order on Defendants' Motion for Contempt and Sanctions (ECF No. 16) denying sanctions but directing Plaintiff to contact counsel for all Parties within 14 days of the Order to schedule a Rule 26(f) Conference and participate in the Rule 26(f) Conference as required by the rules of this Court. The Court once again warned Plaintiff failure to follow this Order may result in sanctions being imposed against her, including a recommendation of dismissal of this case. On January 17, 2024, the Lafayette, Seiler and Farm Credit Defendants filed notices of Plaintiff's non-compliance with the Court's order stating to date, none of them had been contacted by Plaintiff to schedule a Rule 26(f) Conference. ECF Nos. 23, 24.

## II. APPLICABLE LAW

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Here, the record is clear Plaintiff has failed to prosecute or defend this action and failed to comply with orders from this Court to clarify her claims and participate in a Rule 26(f) Conference.

### III. CONCLUSION

Based on the foregoing, the Court recommends Plaintiff's Amended Complaint (ECF No. 3) be **DISMISSED WITHOUT PREJUDICE** and the pending Motions to Dismiss (ECF Nos. 7, 9) be declared **MOOT**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

DATED this 18th day of January 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4